UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EOG RESOURCES, INC.,**

   **Plaintiff,**           Civil Action No. 2:23-cv-4232
 v.                Judge Edmund A. Sargus, Jr.
                 Magistrate Judge Chelsey M. Vascura

**LUCKY LAND MANAGEMENT, LLC,**

   **Defendant.**

## OPINION AND ORDER

This matter is before the Court on two Motions filed by Defendant Lucky Land Management, LLC. Lucky first filed a Motion to Clarify this Court's Order granting Plaintiff EOG Resources, Inc.'s Motion for a Preliminary Injunction. (ECF No. 44.) EOG opposed the Motion to Clarify (ECF No. 48) and there was no reply (*see* ECF No. 45). Next Lucky filed a Motion to Stay or Suspend the Court's Injunction Pending Appeal. (ECF Nos. 52, 52-1.) EOG also opposed that Motion. (ECF No. 55.)

For the reasons below, the Court **DEFERS** consideration on the Motion to Clarify (ECF No. 44) given Lucky's pending appeal and **DENIES** Lucky's Motion to Stay (ECF No. 55).

## BACKGROUND[1]

This case involves an oil and gas lease that gives EOG mineral rights to property; Lucky owns the surface rights to that property. EOG wishes to access the surface of Lucky's property to recover oil and natural gas from under the property, as well as from under adjacent properties using horizontal drilling. After Lucky refused EOG access to the property, EOG brought this lawsuit seeking injunctive and declaratory relief, as well as compensatory damages for conversion. (ECF No. 2.) EOG also moved for a preliminary injunction to enjoin Lucky from

---

[1] For a more complete factual background, the reader is directed to the Court's Opinion and Order on EOG's Motion for a Preliminary Injunction. (ECF No. 41.)

1

"barring or otherwise interfering with EOG's use of the surface of the property in connection with its lease of the severed oil and gas rights underlying the property." (ECF No. 3.) The Court held a hearing on February 13, 2024 (*see* ECF Nos. 36, 65), and the Court issued its Opinion and Order on that Motion on February 23, 2024 ("February Opinion," ECF No. 41).

The Court granted EOG's Motion and preliminarily enjoined Lucky from interfering with EOG's reasonable use of the surface of the property. (ECF No. 41, PageID 1575.) The Court directed the parties to meet and confer about the location of the oil and gas well pads at issue and to continue to negotiate the terms of a Surface Use Agreement. (*Id.*) The Court also ordered EOG to "pay Lucky $100,000 for the due regard of the surface interest held by Lucky." (*Id.*)

On February 29, 2024, Lucky moved the Court to correct its Order to reflect the $100,000 as a price per well pad, and to order EOG to pay a total of $200,000. (ECF No. 44, PageID 1594.) Lucky explained that EOG's offered Surface Use Agreement, which the Court based the $100,000 award upon, was intended to be the price per well pad. (*Id.* at PageID 1593.) EOG responded and opposed that Motion but conceded that it had offered Lucky $200,000 (or $100,000 per well pad) on November 22, 2023. (ECF No. 48.) EOG explained that the offer was a final effort to avoid litigation, not to approximate the value of the impact on Lucky's property. (*Id.* at PageID 1626.)

Lucky then appealed this Court's Order on the Motion for Preliminary Injunction (*see* ECF No. 51) and moved this Court to stay the preliminary injunction so that it may pursue an appeal to the United States Court of Appeals for the Sixth Circuit. (ECF No. 52.) EOG opposed that Motion. (ECF No. 55.) The Court will analyze each Motion in turn.

**MOTION TO CLARIFY**

Lucky moves this Court for an Order clarifying or amending its February Opinion granting EOG's Motion for Preliminary Injunction. (ECF No. 44.) Lucky asks that the Court amend its Order and direct EOG to pay Lucky $100,000 per well pad, for a total of $200,000. (ECF No. 44, PageID 1594.)

Lucky cites to no applicable rule or case law to support its requested relief. Nonetheless, the Court construes Lucky's Motion as a motion for a correction based on a clerical mistake under Rule 60(a) of the Federal Rules of Civil Procedure. Rule 60(a) allows the Court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record." Fed. R. Civ. P. 60(a). "But after an appeal has been docketed in the appellate court, and while it is pending, such a mistake may be corrected only with the appellate court's leave." *Id.; Mich. State A. Philip Randolph Inst. v. Johnson*, No. 16-cv-11844, 2016 U.S. Dist. LEXIS 107429, at *7 (E.D. Mich. Aug. 15, 2016) (explaining that an appeal does not divest a district court of its right to enforce its judgment).

Rule 62.1 provides that if a motion is made for relief while an appeal is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). If the district court makes an indicative ruling under Rule 62.1(a)(3), the party filing the motion can request that the appellate court order a remand to allow the district court to grant or further consider the motion. Fed. R. Civ. P. 62.1(b), (c); *Berger v. Nat'l Bd. of Med. Exam'rs*, No. 1:19-cv-99, 2020 U.S. Dist. LEXIS 77517, at *3–*4 (S.D. Ohio May 1, 2020) (entering an indicative ruling stating that the Court would grant

3

defendant's motion to vacate the preliminary injunction, if the Court of Appeals remanded for that purpose).

Here, Lucky asks the Court to issue an indicative ruling stating that if it had jurisdiction, it would grant Lucky's Motion and correct the Court's purported clerical error awarding Lucky $100,000 total, rather than $100,000 per well pad ($200,000 total). (ECF No. 51.) Under Rule 60(a), the Court may not alter its order without leave of the appellate court. Fed. R. Civ. P. 60(a). To avoid interrupting the appellate process, the Court will **DEFER** ruling on Lucky's Motion pursuant to Rule 62.1(a)(1). (ECF No. 44.)

## MOTION TO STAY THE PRELIMINARY INJUNCTION

### I. STANDARD OF REVIEW

Lucky also moves to stay the preliminary injunction order under Rule 62(d) of the Federal Rules of Civil Procedure. (ECF No. 52.) Rule 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d); *see also* Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for . . . an order suspending . . . an injunction while an appeal is pending.").

In determining whether a stay should be granted under Rule 62(d), a court must consider the same four factors that are traditionally considered when determining whether to grant a preliminary injunction. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors include: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that

others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Mich. Coal of Radioactive Material Users. Inc.*, 945 F.2d at 153. The moving party bears the burden of showing on balance these factors warrant a stay. *Frost v. Univ. of Louisville*, No. 3:19-CV-227-CRS, 2019 U.S. Dist. LEXIS 244856, at *3 (W.D. Ky. July 30, 2019)

In the Court's February Opinion, this Court carefully considered whether EOG had met its burden of showing that it was entitled to the requested preliminary injunctive relief. (ECF No. 41.) Lucky now asks this Court to again consider the same four factors with the only difference being that the burden is now on Lucky. Lucky, however, presents nothing new in its Motion that was not already presented to the Court in its response in opposition to EOG's Motion for a preliminary injunction. Thus, for the same reasons as explained in the February Opinion, the Court finds the balance of the four factors favors denying the stay.

## II. ANALYSIS

### A. Lucky's Likelihood of Success on the Merits of the Appeal

The Court first considers the likelihood that Lucky will prevail on the merits of the appeal, and thus evaluates whether Lucky can show that this Court "abused its discretion in granting the preliminary injunction." *U.S. Student Ass'n Found. v. Land*, 546 F.3d 373, 380 (6th Cir. 2008). Under the abuse-of-discretion standard, "[t]he injunction will seldom be disturbed unless the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Mascio v. Pub. Emps. Ret. Sys. of Ohio*, 160 F.3d 310, 312 (6th Cir. 1998).

Lucky first asserts that it is likely to succeed on the merits of its appeal because EOG as the owner of severed mineral rights does not have an express or implied right to use the surface of Lucky's property to horizontally drill. (ECF No. 52-1, PageID 1654.) Lucky states that the

5

Court found that EOG had neither an express right under the Severance Deeds, nor an implied right under law to use Lucky's property to horizontally drill. (*Id.*) According to Lucky, the Court should have stopped there and concluded that EOG had no right to access the surface of Lucky's property to produce the oil and natural gas under neighboring properties. (*Id.*) Lucky believes that it will succeed on its appeal because this Court committed a "clear error." (*Id.*)

Lucky's characterization of the Court's analysis is incorrect. The Court did not conclude that EOG neither had an express nor an implied right to use the surface of the property to horizontally drill. Rather, the Court found that the Severance Deeds did not provide EOG with the express right to horizontally drill but did not reach a conclusion on the issue of the implied right. (ECF No. 41, PageID 1567.)

The Severance Deeds, as the Court explained, were ambiguous, and the parties' extrinsic evidence, case law, and proposed rules of construction did not resolve that ambiguity. (*Id.* at PageID 1558–66.) Thus, EOG did not have an express right to horizontally drill under the Severance Deeds.

On the issue of implied rights, the Court noted that Lucky offered no binding precedent to aid the Court in its interpretation of the EOG's implied right to use the surface. (*Id.* at PageID 1567.) Because of the lack of instructive case law, the Court did not make an express finding on EOG's implied right to use the surface of the property to horizontally drill. (*Id.*) Instead, the Court then turned to analogous well-settled law in Ohio governing the relationship between a surface estate and a mineral estate. (*Id.* at PageID 1567–68; citing *Snyder v. Dep't of Nat. Res.*, 140 Ohio St. 3d 322, 2014-Ohio-3942, 18 N.E. 3d 416.) That law states that the owner of a mineral interest has the right to use the surface to develop and produce minerals so long as the holder of the mineral interest exercises due regard for the owner of the surface. (*Id.*) The Court,

finding this analogous case law persuasive, concluded that EOG's proposed use of the surface exercised due regard for Lucky's interest in the surface of the property. (*Id.*) Lucky's Motion fails to engage with this caselaw and offers no new evidence to refute the Court's previous conclusion.

Lucky also critiques the Court's factual findings. First, without citing to the record, Lucky states that the Court incorrectly determined that Lucky refused to provide EOG with input on the placement or design of the well pads after EOG tried to involve Lucky in those decisions. (ECF No. 52-1, PageID 1656.) Hearing testimony refutes Lucky's version of events. Jason Boykin testified that if Lucky had asked EOG to adjust the location of access roads or the placement of the well pads on the property, EOG would have factored in those requests. (Hr'g Tr., ECF No. 65, 126:06–18.) But according to Mr. Boykin, Lucky never gave EOG input or suggestions, and when asked about EOG's proposed locations of the well pad sites, Lucky told EOG "to put it somewhere else." (*Id.*)

Lastly, Lucky argues that the Court erred in concluding that EOG's horizontal well pads will have less of a surface impact than vertical well pads. (ECF No. 52-1, Page ID 1657.) During the hearing, EOG explained that to develop the Lucky property with vertical wells instead of horizontal wells, it would need to build 16 2-acre vertical well pads—totaling about 32 acres of surface impact from the well pads alone. (Hr'g Tr., 101:01–19.) To develop the property with horizontal well pads, EOG would need to build only two 4-acre well pads—totaling eight acres of surface impact. (*Id.*, 101:22–24.) Further, each of the 16 well pads would require pipelines, electric utilities and access roads that would add greater impact to the surface of the property. (*Id.*, 102:07–24.) Once again, Lucky offers no evidence to counter these facts or show that the Court committed clear error in its factual findings.

7

The Court concludes that Lucky has not demonstrated that the Court committed clear error or abused its discretion when issuing the preliminary injunction. Lucky is thus unlikely to succeed on the merits of its appeal.

**B. Irreparable Harm Absent a Stay of the Preliminary Injunction**

Lucky next argues that without a stay, EOG will begin cutting trees on the property and constructing two horizontal well pads, damaging the property in ways that cannot be reversed. (ECF No. 52-1, PageID 1657–58.) The Court acknowledges that the preliminary injunction requires Lucky to allow EOG to enter the property and begin clearing trees and constructing well pads. As a result of Lucky's compliance with the Court's Order, Lucky's use of the property as a hunting ground may be disturbed. Although the Court is sympathetic to Lucky, the Court evaluated Lucky's risk of harm in its February Opinion and required EOG to post a $300,000 to cover Lucky's damages if Lucky was later found to have been wrongfully enjoined. (ECF No. 41, PageID 1575.) The Court also reserved the right to adjust, and increase, that amount, if the preliminary injunction were later reversed. (*Id.*) The Court based the $300,000 bond on the value of Lucky's purported investment in developing the property as a hunting ground. (*Id.* at PageID 1572.) Thus, Lucky will not be irreparably harmed absent a stay.

**C. Likelihood of Harm if the Court Stays the Preliminary Injunction**

Next, Lucky posits that "nobody else will be harmed if this Court grants a stay." (ECF No. 52-1, PageID 1658.) EOG disagrees and argues that if the Court granted the stay, it would suffer "significant disruption of its drilling plans and corridor development." (ECF No. 55,

8

PageID 1675.) Beyond the harm suffered by EOG, the lessors whose properties will be produced by the well pads will lose "millions of dollars of royalty payments." (*Id.*)

As the Court discussed in its February Opinion, the harms EOG purports to face without injunctive relief are largely monetary or economic and boil down to the simple assertion that EOG will suffer development delays and lose profits. (ECF No. 41, PageID 1571.) Profits, as the Court discussed earlier, are compensable through monetary damages. (*Id.*) Likewise, the lessors who may lose royalties can be compensable through monetary damages. The Court, as it did in its February Opinion, finds that this factor is neutral.

### D. Public Interest in Granting the Stay of the Preliminary Injunction

Lucky contends that the public interest would be best served by staying the Court's injunction to allow the novel legal issues to be resolved by the Court of Appeals. (ECF No. 52, PageID 1658.) Because this case affects other landowners, and may attract media attention, Lucky believes that the public interest would be best served by staying the injunction. (*Id.*) Lucky claims that several nearby landowners allege that EOG is using the Court's February Opinion and threatening to take them to court if they do not sign surface use agreements. (*Id.*)

EOG reasons that the public interest would not be served by staying the preliminary injunction. EOG argues that the public has an interest in enforcing contracts, like the oil and gas leases here, and "maintaining the integrity of, and confidence in, the countless acres of severed mineral rights all across Ohio." (ECF No. 55, PageID 1675.)

As the Court previously noted, there is a public interest in enforcing contracts, including the oil and gas leases at issue. (ECF No. 41, PageID 1573; citing *Stryker Empl. Co., LLC v. Abbas*, 60 F.4th 372 (6th Cir. 2023)). Even though the Court agrees with Lucky that this case involves novel legal issues, Lucky fails to articulate why the novelty of the legal issues, or why

9

increased media attention and landowner interest in the case, warrants staying the preliminary injunction. Rather, Luckily summarily makes this argument. Accordingly, the public interest would not be served by granting Lucky's Motion.

In conclusion, three of the four factors weigh against staying the Court's February Opinion granting EOG a preliminary injunction. Accordingly, the Court finds that Lucky does not have a strong likelihood of success on the merits of its appeal, that Lucky will not be irreparably harmed absent a stay, and that the public interest would not be served by staying the preliminary injunction. The remaining factor, the risk of harm from staying the injunction, is neutral. Thus, the Court **DENIES** Lucky's Motion.[2] (ECF No. 52.)

## **CONCLUSION**

For the reasons above, the Court **DEFERS** consideration of Lucky's Motion to Clarify. (ECF No. 44.) The Court **DENIES** Lucky's Motion to Stay or Suspend the Order granting EOG a preliminary injunction. (ECF No. 52.) The Clerk is **DIRECTED** to terminate the Motion pending at ECF No. 44.

This case remains open.

**IT IS SO ORDERED.**

**5/29/2024**                                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**

---

[2] Since the Court denied Lucky's Motion to Stay the injunction, the Court need not evaluate whether Lucky should be made to pay bond or provide some other security in consideration of the requested stay. (ECF No. 52, PageID 1676.)