UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EOG RESOURCES, INC.,

    Plaintiff,

v.                                  Civil Action 2:23-cv-4232
                                     Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge Chelsey M. Vascura

LUCKY LAND MANAGEMENT, LLC,

    Defendant.

**OPINION AND ORDER**

Plaintiff, EOG Resources, Inc., sues Defendant, Lucky Land Management, LLC, for declaratory and injunctive relief to permit EOG to access to the surface of land owned by Lucky to recover oil and gas from under Lucky's property as well as from under adjacent properties using horizontal drilling. Lucky also counterclaims for declaratory and injunctive relief to prevent EOG from accessing the land surface. This matter is before the Court on Lucky's Motion for Leave to Amend and Supplement Counterclaim (ECF No. 93). For the reasons below, Lucky's Motion is **GRANTED**.

                                         **I.    BACKGROUND**

A detailed factual background is set forth in the Court's Opinion and Order of February 23, 2024 (ECF No. 41). For purposes of the subject motion, Lucky owns the surface rights to an approximately 300-acre parcel of land in Noble County, Ohio; EOG owns the mineral rights to that same real property. EOG seeks to construct two horizontal drilling well pads on the property. Lucky opposes the construction of the well pads because it will disrupt its business

(maintaining a fertile hunting ground for white tail deer on the property) and devalue the property for resale. EOG filed its Complaint and motion for preliminary injunction on December 22, 2023. (ECF Nos. 2–3.) This Court granted a preliminary injunction permitting EOG to being construction of the well pads on February 23, 2024 (ECF No. 41), and Lucky appealed that decision to the United States Court of Appeals for the Sixth Circuit. (ECF No. 51.) On June 26, 2024, the Sixth Circuit stayed the injunction pending the outcome of the appeal, but not before EOG deforested approximately 35 acres of the property. (*See* Sixth Circuit Op. 4, ECF No. 71). The Sixth Circuit reversed the entry of the preliminary injunction on April 14, 2025 (*Id.*).

Meanwhile, Lucky filed a Counterclaim on February 26, 2024, asserting counterclaims against EOG for declaratory and injunctive relief, as well as interference with prospective economic advantage and compensation as due regard for Lucky's surface ownership rights. (ECF No. 43.) The Court also entered a preliminary pretrial order on April 17, 2024, which adopted the parties' proposed deadline of May 1, 2024, for motions to amend the pleadings. (ECF No. 64.) After the conclusion of the injunction appeal, Lucky moved for judgment on the pleadings on both EOG's Complaint and Lucky's Counterclaim. (ECF No. 76.) That motion remains pending.

On October 21, 2025, EOG filed a notice that the Ohio Department of Natural Resources – Division of Oil and Gas Resources Management issued two Orders on October 20, 2025, pursuant to Ohio Revised Code § 1509.28 that statutorily unitize the oil and gas within the Utica/Point Pleasant geologic formation in and underlying all seven parcels of property at issue in this litigation. (ECF No. 90.) As stated in the Sixth Circuit's Opinion, unitization orders "might change the calculus" as to EOG's access rights. (April 14, 2025 Opinion 16, ECF No. 71.)

The Court adopted the parties' proposed revised case schedule[1] on November 18, 2025, which set the deadline for all expert and fact discovery at June 15, 2026, and the deadline for dispositive motions at July 17, 2026. (ECF No. 94.) That same day (November 18, 2025), Lucky filed both a motion to certify several questions of law to the Supreme Court of Ohio (ECF No. 95) and the subject motion for leave to file an amended and supplemental counterclaim (ECF No. 93.) The amended and supplemental counterclaim would (1) assert new claims that the October 20, 2025 unitization orders do not grant EOG the right to construct the well pads, (2) assert a new claim for damages owed by EOG to Lucky as a result of Lucky having been wrongfully enjoined, (3) assert a new claim for property damage as a result of EOG's deforestation of the property, and (4) add Travelers Casualty and Surety Company of America, the issuer of EOG's injunction bond, as a jointly and severally liable co-defendant to the Counterclaim.

EOG opposes Lucky's pleading amendment on grounds that (1) Lucky unduly delayed in seeking amendment and supplementation, and (2) Lucky's proposed amendments and supplementation would be futile. (ECF No. 98.)

## II. STANDARDS GOVERNING AMENDED AND SUPPLEMENTAL PLEADINGS

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in this case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in

---

[1] The parties requested bifurcation of discovery and trial between merits and damages. The Court rejected the bifurcation request but adopted the parties' proposed dates for merits discovery and also applied those dates to damages discovery. (ECF No. 94.)

attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

In addition to amending the Counterclaim, Lucky also seeks to add allegations of conduct that occurred since its previous pleading was filed, which are governed by the standards for supplemental pleadings under Rule 15(d). However, standards for granting or denying leave to supplement under Rule 15(d) are the same as those for granting or denying leave to amend under Rule 15(a). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); *see also Mattox v. Edelman*, 851 F.3d 583, 592 n.6 (6th Cir. 2017).

### III. ANALYSIS

Lucky has demonstrated good cause to amend the case schedule. Lucky promptly moved for leave to add supplemental allegations related to the October 20, 2025 unitization orders less than a month after those orders were issued. Further, Lucky could not have moved to supplement its Counterclaim in regard to the unitization orders by the original May 1, 2024 deadline for motions to amend the pleadings, because the unitization orders had not yet been issued. And although the property damage due to deforestation occurred by the end of March 2024 (*see* Lucky's Motion to Suspend the District Court's Injunction Order, 6th Cir. Case No. 24-3211, ECF No. 20), it was not practical for the parties to litigate the propriety of the injunction that led to the property damage while Lucky's appeal was pending in the Sixth Circuit between March 11, 2024, and April 14, 2025. Lucky has therefore demonstrated that it could not have met the original deadline for motions to amend the pleadings with the exercise of diligence.

Nor will EOG be unduly prejudiced by amendment at this time. EOG makes conclusory representations that permitting amendment at this time would "completely upend [the case] schedule and require the parties to start over with new pleadings, an additional party, and another motion to dismiss." (EOG's Mem. in Opp'n 13, ECF No. 98.) But five months still remain in the discovery period, and EOG has not explained *how* Lucky's proposed amendments would prevent that schedule from being met. *Cf. Miller v. Admin. Off. of Courts*, 448 F.3d 887, 898 (6th Cir.

2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court."). Nor is "the inherent prejudice of having to defend against [Lucky's] new claims" sufficient to preclude amendment. *See Ashley Furniture Indus., Inc. v. Am. Signature, Inc.*, No. 2:11-CV-00427, 2012 WL 1031411, at *3 n.3 (S.D. Ohio Mar. 27, 2012). And although "another round of motion practice" may be required by the superseding of Lucky's Amended Counterclaim, "such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend." *See Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002). Finally, EOG's arguments concerning prejudice to non-party mineral royalty holders are entirely dependent on EOG's ultimate success on the merits and are not properly considered under Rule 16.

Moreover, for the bulk of the period after the appeal was resolved, *EOG* sought a stay of this litigation pending the outcome of the statutory unitization process. (EOG's May 27, 2025 Mot. to Stay, ECF No. 77.) That motion was mooted when the statutory unitization orders were issued on October 20, 2025; nonetheless, had EOG had its way, this case would have been at a standstill for nearly five months. It is difficult to reconcile EOG's current position that Lucky waited too long to amend its pleading with EOG's prior position that neither party should have taken any action at all during the period between the conclusion of the appeal and the issuance of the unitization orders.

In sum, the Court finds good cause to permit Lucky to amend its Counterclaim under Rule 16(b)(4)(A). The Court now moves to the standard of Rule 15(a)(2), which directs the Court to "freely give leave [to amend] when justice so requires." Even so, amendment may be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or

6

prejudice to the opposing party, or would be futile." *Carson*, 633 F.3d at 495. For the reasons related to diligence and lack of prejudice outlined above, the Court finds that Lucky's amendment is not brought in bad faith or for dilatory purposes, and amendment will not result in undue delay.

EOG's remaining arguments in opposition to Lucky's Motion relate to the futility of Lucky's proposed amendments. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Lucky to amend its Counterclaim with the understanding that EOG is free to challenge the counterclaims against it through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

7

## IV. DISPOSITION

For these reasons, Lucky's Motion for Leave to Amend and Supplement Counterclaim (ECF No. 93) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Lucky's Amended/Supplemental Counterclaim, attached to its Reply brief at Exhibit A (ECF No. 101-1). The Clerk is further **DIRECTED** to terminate as moot Lucky's Motion for Judgment on the Pleadings (ECF No. 76).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE